UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DODIYI J. WILLIAMWEST | CIVIL ACTION |
| VERSUS | NO. 14-2330 |
| BARACK OBAMA, ET AL. | SECTION "R" (5) |

## REPORT AND RECOMMENDATION

On September 24, 2014, *pro se* plaintiff, Dodiyi Williamwest, filed this complaint under 42 U.S.C. § 1983, listing as defendants: Barack Obama, HUD, HANO, Road Home, United States Postal Service, Mary Landrieu, NOLA Green Roots, Harbor Freight, Bobby Jindal, LA Land Trusts, Home Depot, Lowe's, Stars Oil, Quicky's Discount, Schneider's, Iberia Bank, Robert Jackson, Jaques Miller&Assoc., Habitat for Humanity, Academy Sports, University of New Orleans, Sewerage and Water Board of New Orleans, Entergy, Bicks & Assoc., Crescent & Moon, Inc., NOPD, Adirian McLno, Delgado Community College, Tracfone, AT&T, Sgt. Blanchard, RTA, Walmart, Best Buy, and Marlin N. Gusman. Although much of his complaint is unintelligible, it appears Williamwest claims that President Obama, Senator Mary Landrieu, Jacques Miller, Robert Jackson, Stars Oil, and Quicky's staged an armed robbery against him on August 16, 2014, stealing his "Rudy Smith 24-hour tow sign" from his property. He called 911 to report the armed robbery and officers arrived, but wrongly arrested him.[1] He requests monetary

---

[1] Orleans Parish Prison records show that he was charged with one count of aggravated assault with a firearm and one count of simple criminal damage to property.

compensation.

Plaintiff did not submit with his complaint, however, either an application to proceed *in forma pauperis* or the filing fee required by law.  *See* 28 U.S.C. § 1914 (a); 28 U.S.C. § 1915 (a)(1), (2).  In an attempt to remedy the deficiency, the Clerk's Office forwarded a notice of deficiency to plaintiff at his present place of confinement, Orleans Parish Prison, and included for his convenience a form application to proceed *in forma pauperis*.[2]  Plaintiff was given additional time to supply the form application or pay the filing fee.  He did not respond in any manner to the deficiency notice.

On November 12, 2014, the undersigned issued an order to plaintiff.  That order set out past due and outstanding court costs owed by plaintiff associated with *past* frivolous litigation in this court, and directed him to either submit the enclosed affidavit and pauper application or pay the filing fee in order to proceed with the *current* lawsuit.  Plaintiff was expressly cautioned that failure to provide this court with the past due court costs as well as present fees or a completed pauper application by the deadline of December 3, 2014, would result in the recommendation for dismissal of his complaint.[3]  To date, plaintiff has not complied with this court's order.  He has not submitted a motion to proceed *in forma pauperis* with the accompanying affidavit.  Nor has he paid the requisite filing fee.

Plaintiff is no stranger to this district court and is well aware of the filing fee

---

[2] Rec. Doc. No. 2, Notice of deficient filing entered on October 10, 2014.

[3] Rec. Doc. No. 6, Order entered November 12, 2014.

requirements. He has filed several *pro se* civil lawsuits here in the past.[4] In two of those cases, plaintiff filed applications to proceed *in forma pauperis* and was granted pauper status despite the earlier unpaid sanction for court costs associated with his frivolous litigation. Thus, it is evident plaintiff understands the filing fee requirements, but has simply chosen not to comply with them, even in the face of warnings for noncompliance.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir.1976).

Plaintiff has been afforded ample time and opportunity to comply with the court's orders regarding the filing of this complaint. He has failed to pay the outstanding court costs for past litigation and has not submitted either the filing fee or an application to proceed *in forma pauperis*, as required to proceed with the present complaint. Therefore, unless plaintiff

---

[4] *Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, Civ. Action No. 07-973 "M"(5) (E.D. La.); *Dodiyi J. Williamwest v. Morgan Buildings and Spas, Inc., et al.*, Civ. Action No. 07-977 "L"(3) (E.D. La.); *Dodiyi William West v. Barry Grundmann, et al.*, Civ. Action No. 85-5946 "F" (E.D. La.). Plaintiff's history of frivolous litigation is quite clear from the record. Furthermore, in every instance, this court has had to issue orders ensuring no further frivolous filings by plaintiff even after dismissal of the case.

satisfies the outstanding sanction and either completes a pauper application with the necessary financial affidavit or pays the filing fee within the additional fourteen-day (14) objection period, the complaint should be dismissed without prejudice for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[5]

New Orleans, Louisiana, this 11th day of December, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.